UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| KYLE G. SOTO,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>UNITED STATES MARSHALLS, in their official capacity; PENNINGTON COUNTY SHERIFF'S OFFICE, in their official capacity; AND JUDGE ROBERT MANDEL, in his individual capacity,<br><br>　　　　　Defendants. | CIV. 19-5053-JLV<br><br><br>ORDER |

**INTRODUCTION**

Plaintiff Kyle Soto is an inmate at the Pennington County Jail in Rapid City, South Dakota. He filed this suit under 42 U.S.C. § 1983, 28 U.S.C. § 1331 and <u>Bivens v. Six Unknown Federal Narcotics Agents</u> alleging defendants violated his constitutional rights.[1] (Docket 1 at p. 1). The court granted Mr. Soto leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 and he timely paid his initial filing fee. (Docket 5). The court now screens and dismisses Mr. Soto's complaint pursuant to 28 U.S.C. § 1915A.

**I.　Facts**

Mr. Soto states he was "summoned to appear in civil court for a protection order hearing" on May 21, 2018. (Docket 1 at p. 4). Mr. Soto asked

---

[1]403 U.S. 388 (1971).

a jail official if he would be taken to court for the hearing and the official told him the United States Marshals Service ("USMS") had placed a hold on him, preventing his transfer to court.  Id.  The official further stated "they don't transfer Federal inmates to civil court because it's to [sic.] much of a hassel [sic]."  Id.  Mr. Soto alleges the failure to transport him to court resulted in a default protection order, which denied him contact with his children.  Id.  Mr. Soto also alleges he was forced to obtain a lawyer to avoid default and has incurred $4,000 in expenses as well as missed time with his children.  Id. at p. 5.

The protection order proceedings took place before South Dakota Seventh Circuit Judge Robert Mandel.  Id.  Mr. Soto alleges Judge Mandel made rulings in three separate hearings without him present.  Id.  Mr. Soto further states he sent "letters begging for relief" from the lack of transportation to Judge Mandel, without response.  Id.

Mr. Soto asserts the USMS, the Pennington County Sheriff's Office and Judge Mandel violated the Fourteenth Amendment.  Id. at pp. 4-5.  He specifically asserts Judge Mandel denied him due process by making rulings in his case without him present.  Id. at p. 5.  Mr. Soto requests injunctive relief for himself and other federal inmates that they may be transported to court from the Pennington County Jail.  Id. at p. 7.  Mr. Soto finally asks the court to sanction Judge Mandel for "improper and excessive rulings."  Id.  Finally, he seeks reimbursement for the $4,000 in attorney's fees as well as damages for

mental and financial stress "forced" upon him, his parents, and his children. Id.

I. **Prisoner Complaint Screening**

   A. **Legal standard**

Under 28 U.S.C. § 1915A, the court must review a prisoner complaint and identify cognizable claims or dismiss the complaint if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. This screening process "applies to all civil complaints filed by [a] prisoner[], regardless of payment of [the] filing fee." Lewis v. Estes, 242 F.3d 375 at *1 (8th Cir. 2000) (unpublished) (citing Carr v. Dvorin, 171 F.3d 115, 116 (2d Cir. 1999)). During this initial screening process, the court must dismiss the complaint in its entirety or in part if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

The court may dismiss a complaint under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim as "the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989).

Because Mr. Soto is proceeding *pro se*, his pleading must be liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v.

3

Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985); Ellis v. City of Minneapolis, 518 F. App'x 502, 504 (8th Cir. 2013). Civil rights complaints cannot be merely conclusory. Davis v. Hall, 992 F.2d 151, 152 (8th Cir. 1993); Parker v. Porter, 221 F. App'x 481, 482 (8th Cir. 2007).

**B.    Analysis**

Mr. Soto first names the USMS as a defendant in this case. The USMS is a federal agency entitled to sovereign immunity. Laswell v. Brown, 683 F.2d 261, 268 (8th Cir. 1982) ("The United States and its agencies are not proper defendants because of sovereign immunity."). The USMS cannot be sued under the court's federal question jurisdiction without evidence of a waiver of sovereign immunity.[2] Furthermore, Mr. Soto's attempt to sue under Bivens is unavailing. "*Bivens* allows for a cause of action for damages against federal officials, not federal agencies, for certain constitutional violations." Patel v. United States Bureau of Prisons, 515 F.3d 807, 812 (8th Cir. 2008) (citation omitted). Because Mr. Soto has not alleged any theory under which the court has jurisdiction over the USMS, his claim must be dismissed.

Mr. Soto next names the Pennington County Sheriff's Office as a defendant. " 'A local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents' on a theory of respondeat superior."

---

[2]Section 1983 only provides jurisdiction for constitutional violations committed under color of state law. 42 U.S.C. § 1983. The USMS is a federal agency operating pursuant to federal law.

4

Andrews v. Fowler, 98 F.3d 1069, 1074 (8th Cir. 1996) (quoting Monell v. Dep't. of Soc. Servs. of the City of N.Y., 436 U.S. 658, 694 (1978)).  Here, Mr. Soto is impermissibly attempting to hold the Pennington County Sheriff's Office liable for actions of its employees under § 1983.  Mr. Soto also does not allege either the Sheriff's Office or Pennington County has an "official municipal policy" of denying federal prisoners transfer to state court.[3]  See Monell, 436 U.S. at 690 (allowing a § 1983 plaintiff to directly sue "[l]ocal governing bodies" when a policy "officially adopted and promulgated by that body's officers" violates the plaintiff's constitutional rights).  The court must dismiss Mr. Soto's claim against the Pennington County Sheriff's Office.

Finally, Mr. Soto names Judge Mandel as a defendant.

> A judge is immune from suit, including suits brought under section 1983 to recover for alleged deprivation of civil rights, in all but two narrow sets of circumstances.  "First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity.  Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction."

Schottel v. Young, 687 F.3d 370, 373 (8th Cir. 2012) (quoting Mireles v. Waco, 502 U.S. 9, 11-12 (1991)).  Mr. Soto's claim against Judge Mandel is predicated on his judicial actions taken during court hearings.  (Docket 1 at pp. 5, 7) (asking to sanction Judge Mandel "for improper and excessive rulings.").  The first exception to judicial immunity does not apply because Mr. Soto is attempting to sue Judge Mandel for his judicial activities.  As to the second

---

[3]The court assumes without deciding for purposes of this order that it would violate plaintiff's constitutional rights to be denied transport to state court.

5

exception, Mr. Soto does not specify under which statute the protection order hearings he describes were convened, but South Dakota circuit court judges have original jurisdiction over "[p]roceedings relating to minors[.]" SDCL § 16-6-9; see also § 25-10-3 (granting circuit courts jurisdiction over domestic abuse protection orders). Judge Mandel was acting within his jurisdiction when he made rulings in protection order hearings pertaining to Mr. Soto. The court must dismiss Mr. Soto's claim against Judge Mandel.

## ORDER

For the reasons given above, it is

ORDERED that, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), Mr. Soto's complaint (Docket 1) is dismissed without prejudice for failure to state a claim upon which relief may be granted.

Dated October 4, 2019.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE